[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-11426

_____

D.C. Docket No. 8:12-cr-00136-MSS-AEP-1

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

versus

WEYLIN O. RODRIGUEZ,
a.k.a. Rico,
a.k.a. Weylin Ollie Rodriguez,
a.k.a. David Johnson,

              Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 5, 2015)

Before WILSON, ROSENBAUM, and BLACK, Circuit Judges.

PER CURIAM:

Weylin O. Rodriguez was convicted by a jury of one count of conspiracy to commit sex trafficking, in violation of 18 U.S.C. §§ 1591(a) and 1594; three counts of sex trafficking a minor by force, in violation of 18 U.S.C. §§ 1591(a), (b), 3559(e), and 2; one count of sex trafficking adults, in violation of 18 U.S.C. §§ 1591(a), (b), and 2; one count of using a firearm in furtherance of sex trafficking, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2, one count of transporting minors for prostitution, in violation of 18 U.S.C. §§ 2423(a), 3559(e), and 2; one count of enticing an adult to travel in interstate commerce for prostitution, in violation of 18 U.S.C. §§ 2422(a) and 2; and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court sentenced him to life imprisonment, plus a five-year mandatory consecutive prison term for his conviction for using a firearm in furtherance of sex trafficking by force.

Beginning in January of 2010, Rodriguez ran a prostitution ring that recruited minors as young as 14 years old. He lured young girls to work for his company, GMB Entertainment, under the guise of helping them attain a modeling career. Rodriguez then physically, emotionally, and sexually abused the girls. Throughout the course of administering his criminal enterprise, Rodriguez regularly carried a firearm and often slept with a firearm under his pillow.

On appeal, Rodriguez raises the following issues:

1. Did the district court improperly apply an enhancement to Rodriguez's overall offense level for obstruction of justice, pursuant to U.S.S.G. Section 3C1.1?

2. Is Rodriguez's life sentence a substantively unreasonable sentence?

3. Is Rodriguez's sentence unfairly disparate to that received by co-defendants Tatijuana Joye and Pria Gunn?

4. Did the district court abuse its discretion by refusing Rodriguez the opportunity to cross examine witnesses on prior convictions, pursuant to Federal Rule of Evidence 609(a)(2), and did the exclusion of such evidence deprive him of a fair trial?

5. Did the district court abuse its discretion by admitting into evidence, pursuant to Federal Rule of Evidence 404(b), Rodriguez's prior conviction for the offense of indecent liberties with a minor?

6. Was there sufficient evidence to prove that Rodriguez possessed a firearm in furtherance of a crime of violence, specifically sex trafficking of minors B.W., and N.W. or by force, fraud or coercion, in violation of Title 18, U.S.C. Section 924(c) (Count Seven)?

7. Did the district court improperly apply a two-level sentencing enhancement for undue influence, pursuant to U.S.S.G. Section 2G1.3(b)(2)(B)?

8. Did Rodriguez's trial counsel provide ineffective assistance by failing to offer mental health evidence in mitigation of the life sentence sought by the United States; by failing to advise him to apologize to the victims and the court, thereby demonstrating that Rodriguez showed a lack of remorse, regret, or desire to rehabilitate himself; and for advising him not to make a statement in allocution to the district court?

After review and oral argument, we conclude that all of these issues lack merit, and thus affirm Rodriguez's convictions and sentences. In regard to Rodriguez's 8th claim, involving purported ineffective assistance of counsel, we note that the record is not sufficiently developed to entertain this issue on direct appeal. "We will not generally consider claims of ineffective assistance of counsel raised on direct appeal where the district court did not entertain the claim nor develop a factual record." *United States v. Patterson*, 595 F.3d 1324, 1328 (11th Cir. 2010) (internal quotation marks omitted). "The preferred means for deciding a claim of ineffective assistance of counsel is through a 28 U.S.C. § 2255 motion even if the record contains some indication of deficiencies in counsel's performance." *Id.* (internal quotation marks omitted).

**AFFIRMED.**

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

John Ley
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

January 05, 2015

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 13-11426-CC
Case Style: USA v. Weylin Rodriguez
District Court Docket No: 8:12-cr-00136-MSS-AEP-1

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the CRIMINAL JUSTICE ACT must file a CJA voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for a writ of certiorari (whichever is later).

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Joe Caruso, CC at (404) 335-6177.

Sincerely,

JOHN LEY, Clerk of Court

Reply to: Djuanna Clark
Phone #: 404-335-6161

OPIN-1 Ntc of Issuance of Opinion